## SUMMONS

| District Court: Second<br>Bernalillo County, New Mexico<br>Court Address:400 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Court Telephone Number: 505-841-7421 | Case Number: **CV 2020 0 4 6 5 2**<br><br>Judge: **BENJAMIN CHAVEZ** |
|---|---|
| Plaintiff(s): Peter Strojnik<br>v.<br>Defendant(s): Historic Hotel, LLC dba Hotel Andaluz<br>Albuquerque, Curio Collection by Hilton | Defendant Name: Historic Hotel, LLC dba Hotel Andaluz<br>Albuquerque, Curio Collection by Hilton<br>Address: c/o- Registered Agent: Gary Goodman<br>100 Sun Avenue NE, Suite 210,<br>Albuquerque, NM 87109 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.     If you need an interpreter, you must ask for one in writing.

7.     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this _____ day of _____, 20___.

**AUG 1 3 2020**

CLERK OF COURT

By: _____
Deputy

Attorney for Plaintiff or
Plaintiff pro se
Name:     Peter Strojnik
Address:   7847 N. Central Avenue
Telephone No.:   602-524-6602
Fax No.:
Email Address:  ps@strojnik.com



THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS

**EXHIBIT A**

RETURN[1]

STATE OF NEW MEXICO          )
                             )ss
COUNTY OF _____          )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]    to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]    to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

Rev. 12/31/14

_____

Signature of person making service

_____

Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____.

_____

Judge, notary or other officer
authorized to administer oaths

_____

Official title

Rev. 12/31/14

DO NOT FILE THIS PAGE: FOR PARTY USE ONLY

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-15, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

ENDORSED
FILED IN MY OFFICE THIS

AUG 1 3 2020

CLERK DISTRICT COURT
Luke Tessman

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE STATE OF NEW MEXICO**
**2ᴺᴰ JUDICIAL DISTRICT BERNALILLO COUNTY**

Case No: CV 2020 0 4 6 5 2

PETER STROJNIK,

                                    Plaintiff,

vs.

HISTORIC HOTEL, LLC dba HOTEL
ANDALUZ ALBUQUERQUE, CURIO
COLLECTION BY HILTON

                                    Defendant.

**COMPLAINT**
**SUMMONS ISSUED**

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADAAG"), (2) New Mexico's Unfair Trade Practices Act and Brand Deceit, and (3) common law of negligence and/or negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is an immigrant, a disabled veteran and a senior citizen.

3. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

4. Plaintiff's physical infirmities alleged above do both of the following:

     a.  Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

     b.  Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

5.  Plaintiff has a history of impairments stated in the preceding paragraph.

6.  Plaintiff is regarded as having a physical conditions that limit major life activities.

7.  Because of Plaintiff's disabilities, he requires the use of facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as these laws, standards and regulations relate to Plaintiff walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



8.  Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

9.  The effect of Plaintiff's impairments on major life activities and, consequently, on the personal encounters with accessibility barriers at Defendant's Hotel, must be considered in their mitigated, unmitigated, active, inactive, remissive or non-remissive states. 2008 ADAAA and 28 C.F.R. 36.105.

10. Defendant owns, operates, leases, or leases to a lodging business located at 2nd Street NW, Albuquerque, NM 87102 ("Hotel").

11. On or about May 23, 2020, Plaintiff travelled from his home to Albuquerque on the way to Santa Fe.

12. Prior to traveling to Albuquerque, Plaintiff reviewed numerous hotels' booking websites to help him determine which identified and described accessibility features in the hotel and the guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the given hotel or guest room met his accessibility needs.

13. Plaintiff reviewed the booking website for Defendant and discovered the following 28 C.F.R. 36.302(e)(1)(ii) identifications and disclosures documented in the following Table 2:

| HOTEL WEBSITE |
| :---: |
| Hotelandaluz.com |



**NO ACCESSIBILITY INFORMATION**

| HILTON BOOKING WEBSITE |
| :---: |
| https://www.hilton.com/en/hotels/abqanqq-hotel-andaluz-albuquerque/?SEO_id=GMB-QQ-ABQANQQ |

## Accessible Amenities

**Available accessible features include:**

- Accessible
- Accessible business center
- Accessible concierge desk
- Accessible elevators

3

- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible hotel restaurant
- Accessible meeting rooms
- Accessible parking
- Accessible public entrance
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to at least one restaurant
- Accessible route from the hotel's accessible public entrance to the business center
- Alarms - Audible
- Audible alerts in elevators
- Automatic opening of bedroom door from the inside
- Bathroom doors at least 32 inches wide
- Bedroom doors at least 32 inches wide (812mm)
- Braille elevator
- Closed captioning on televisions or closed captioning decoders
- Emergency Call Button on Phone
- Evacuation chair available to help evacuate a disabled person
- Grab bars in bathroom
- Hotel complies with ADA Guidelines
- Hotel complies with the Americans with Disabilities Act of 1990
- Level or ramp entrance into the building
- Lowered emergency evacuation instructions
- Lowered peep hole in door
- Lowered shelf storage
- Public Areas/Facilities accessible for physically challenged
- Roll-in Shower
- Rooms accessible to wheelchairs (no steps)
- Rubber shower mats
- Service animals welcome
- Strobe alarms
- TTY for guest use
- Valet only parking
- Visual alarm for hearing impaired
- Visual alarms for hearing impaired in hallways
- Visual alarms for hearing impaired in public areas
- Wheelchair ramp for lobby/reception access

| **The following features aren't available:** |
| --- |
| • Accessible parking spaces for cars in the self-parking facility<br>• Accessible route from the hotel's accessible public entrance to the exercise facilities<br>• Accessible route from the hotel's accessible public entrance to the spa<br>• Accessible route from the hotel's accessible public entrance to the swimming pool<br>• Accessible swimming pool<br>• Accessible transportation with advance notice<br>• Assistive listening devices for meetings upon request<br>• Van-accessible parking in the self-parking facility |

14. Plaintiff personally visited Defendant's Hotel on or about May 23, 2020.

15. Upon review of the Hotel's accessibility, Plaintiff noted that the Hotel was not compliant with the ADA and implementing regulations, 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

16. Plaintiff subsequently documented the following architectural barriers to accessibility:



**PERSONAL ENCOUNTERS WITH BARRIERS**

Identification.

The reception clerk advised Plaintiff that there are 107 rooms, but only 2 are accessible. Plintiff made the following note:



**Insufficient number of accessible rooms per front desk.**



**Inaccessible reception**

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured handrails.



Inaccessible items in gift shop.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



More inaccessible items in gift shop.



Inaccessible library seating.

Inaccessible lobby seating.


Inaccessible towel dispenser in lobby bathroom.

**Inaccessible lobby bar.**

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

17. Above documented inaccessible elements and routes directly interfere with Plaintiff's performance of major life activities including walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

18. Plaintiff realleges all allegations heretofore set forth.

19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted as alleged above.

20. Plaintiff visited Defendant's booking website and Defendant's Hotel and personally encountered ADA violations documented above.

21. The Hotel's booking website readily admits that it is not accessible:

**The following features aren't available:**

- Accessible parking spaces for cars in the self-parking facility
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible route from the hotel's accessible public entrance to the spa
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool
- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Van-accessible parking in the self-parking facility

22. The ADA violations described above relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

23. Plaintiff is deterred from conducting further business with the Hotel until the Hotel has become fully compliant with the ADA.

24. The removal of accessibility barriers listed above is readily achievable.

25. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

26. The issuance of injunctive relief will resolve, in part, Plaintiff's ADA claim.

**WHEREFORE**, Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT II
### (Violation of the New Mexico's Unfair Practices Act §§57-12-1 *et seq*)

27. Plaintiff realleges all allegations heretofore set forth.

28. New Mexico's Unfair Practices Act ("UPA") prohibits the use of unfair or deceptive trade practices as defined in 57-12-2.

*Consumer Fraud - Brand Deceit*

29. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Hyatt", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

30. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant Historic Hotel, LLC identifies itself as "Andaluz", a Hilton brand in the entrance to the building, the business cards of its employees and on its website:







31. However, Historic Hotel, LLC is neither Andaluz nor Hilton. It is Historic Hotel, LLC.

32. The misidentification is necessary because general public, including Plaintiff, identify Andaluz and Hilton with a higher degree of lodging standard and general integrity than the unknown hotelier like Historic Hotel.

33. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Historic Hotel, LLC's false self-identification to his damage.

34. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

13

35. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

36. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**Booking Website Misrepresentations and Omissions**

37. The information disclosed in Hotel's Booking Website include the misrepresentations of fact (Table 2) that the Hotel is "accessible". This representation is false as evidenced in Table 3 above.

38. Defendant's lack of recognition of the rights of the disabled displayed in its marketing website, and its treatment of disabled individuals as fully bodies, is socially reprehensible and displays Defendant's ableism and segregationism.

39. Defendant's conduct alleged in this Count and elsewhere in thie Complaint is reprehensible and requires a strong deterrent action in the form of punitive damages[1].

WHEREFORE, Plaintiff prays for relief pursuant to 57-12-10 as follows:

A. Injunctive relief requiring Defendant to remediate its unfair and discriminatory practices; and

---

[1] *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (N.M. App. 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187*, 148 NM. 442, 237 P.3d 744 (NM 2010). *See also Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*. "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

B. For damages in an amount to be proven at trial, but in no event less than $35,000.00; and

C. For punitive damages in an amount commensurate with Defendant's reprehensible conduct and the need for deterrence of similar conduct by others, but in no event less than $50,000.00; and

D. For costs and attorney's fees; and

E. For leave to amend this Complaint to add class action allegations; and

F. For such other and further relief as the Court may deem just and proper.

## COUNT III
Negligence

40. Plaintiff realleges all allegations heretofore set forth.

41. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

42. Defendant breached this duty.

43. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

44. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

45. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

46. Defendant's knowing and intentional persistence in discrimination against Plaintiff and similarly situated persons caused Plaintiff damage by preventing him from lodging at Defendant's Hotel.

---

[2] 42 U.S.C. §12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)

15

47. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

48. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

49. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

50. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

51. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

52. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

53. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

54. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

55. Plaintiff has been damaged by Defendant's negligence in an amount to be proven at trial, but in no event less than $35,000.00.

---

[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

56. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

57. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future.

58. By violating Plaintiff's civil rights. Defendant engaged in intentional, aggravated and outrageous conduct.

59. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $50,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence and/or negligence per se; and

    B.  For damages in an amount to be proven at trial; and

    C.  For punitive damages to be proven at trial; and

    D.  For such other and further relief as the Court may deem just and proper.

///

///

17

1

## REQUEST FOR TRIAL BY JURY

2

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

3

DATED this 3rd day of August, 2020.

4

5                                   PETER STROJNIK

6

7                                   Plaintiff
                                    7847 N. Central Avenue
8                                   Phoenix, AZ 85020
                                    602-524-6602
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18